MICHAEL ROBUSTO, Appellant, v. HAROLD FURBER, Respondent.— Order unanimously affirmed without costs. Memorandum: In this action for breach of contract, a verdict for the plaintiff was properly set aside as being a compromise and the case restored to the Trial Calendar. However, we point out that the defense of breach of an implied warranty was not

properly and fully presented to the jury. The contract provided that the plaintiff who was an experienced farmer would grow about 25 acres of tomatoes for the defendant who was in the canning business. In these circumstances, there was an implied warranty of fitness under subdivision 1 of section 96 of the Personal Property Law then in effect. Defendant refused to accept all the tomatoes, claiming they were not cannable. When the plaintiff was asked on cross-examination whether the defendant talked to him about the quality of the tomatoes, the plaintiff objected on the grounds there was nothing in the contract which related to quality, and the court sustained the objection. However, subsequently, the court did allow testimony that the defendant refused to accept them because of the quality and the court stated in its charge that defendant's claim that he could not accept any more of the tomatoes because of their condition was a part of his defense. While the defense of breach of warranty should have been alleged as an affirmative defense under CPLR 3018 (subd. [b]), the defense was nevertheless an issue in the trial of the case. However, it was presented to the jury without any basis for determining the standard required, and what tomatoes, if any, failed to meet the standard. (Appeal from order of Wayne Trial Term setting aside verdict in action on contract.) Present — Goldman, P. J., Marsh, Witmer, Moule and Henry, JJ.